<u>ORAL ARGUMENT SCHEDULED FOR OCTOBER 19, 2017</u>

# In the United States Court of Appeals
# for the District of Columbia Circuit
### No. 16-1081

———————

CITY OF BOSTON DELEGATION,
*Petitioner,*
v.
FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent.*

———————

ON PETITION FOR REVIEW OF ORDERS OF THE
FEDERAL ENERGY REGULATORY COMMISSION

———————

**Consolidated Matters**
**Nos. 16-1098 and 16-1103**

———————

# SUPPLEMENTAL BRIEF FOR PETITIONER
# CITY OF BOSTON DELEGATION

———————

Thomas S. Fitzpatrick
Joshua S. Grossman
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
tfitzpatrick@davismalm.com
jgrossman@davismalm.com
Attorneys for Petitioner
City of Boston Delegation

Dated:  October 17, 2017

## Table of Contents

Table of Contents .................................................................. i

Table of Authorities ............................................................. ii

Preliminary Statements ......................................................... 1

Statement of Issues .............................................................. 1

Summary of Argument ........................................................... 1

Argument ........................................................................... 2

    I.    The Mayor of Boston has authority to litigate on behalf of the City of Boston *ut parens patriae* under Massachusetts law ............. 2

        A.    Under Massachusetts law, municipalities have the power to sue and to enact ordinances to facilitate their exercise of their powers and functions ................................................. 2

        B.    The Mayor is endowed with the City of Boston's municipal authority to initiate legal proceedings on behalf of the City in furtherance of the interests of the City .................................. 3

        C.    Under Massachusetts law municipalities have authority to litigate *ut parens patriae* ............................................ 5

    II.    In addition to authority to litigate *ut parens patriae* under Massachusetts law, Boston has standing on another basis: 15 U.S.C. §§ 717r(a) and 717r(b) and this Court's holding in *Maryland People's Counsel* ............................................ 6

Conclusion ......................................................................... 8

Certificate of Compliance ....................................................... 9

Certificate of Service ............................................................. 10

Addendum ..................................................................... ADD 001

Table of Authorities

Cases

*Boston City Council v. Menino*,
No. CIV.A.0-1267, 2000 WL 744356, at *4
(Mass. Super. Ct. May 9, 2000) ................................................................ 4

*City Council of Boston v. Mayor of Boston*,
383 Mass. 716, 421 N.E.2d 1202 (1981) ................................................. 3, 4

*City Council of Boston v. City of Boston*,
386 Mass. 171 434 N.E.2d 1250 (1982) ..................................................... 3

*City of Olmsted Falls v. FAA*,
292 F.3d 261 (D.C. Cir. 2002) ..................................................................... 7

*Fiske v. Worcester*,
219 Mass. 428, 106 N.E. 1025 (1914) ........................................................ 3

*Maryland People's Counsel v. FERC*,
760 F.2d 318 (D.C. Cir. 1985) ..................................................................... 6

*Nat'l Shawmut Bank of Boston v. City of Waterville*,
285 Mass. 252, 189 N.E. 92 (1934) ............................................................ 2

*RicMer Prop., Inc. v. Board of Health of Revere*,
59 Mass. App. Ct. 173, 794 N.E.2d 1236 (2003) ....................................... 5

*Shaker Community, Inc. v. State Racing Comm'n*,
346 Mass. 213, 190 N.E.2d 897 (1963) ..................................................... 6

*Town of Sudbury v. Dept. of Pub. Util.*,
351 Mass. 214, 218 N.E.2d 415 (1966) .................................................. 5, 6

*Town of Wilmington v. Dept. of Pub. Util.*,
340 Mass. 432, 165 N.E. 2d 99 (1960) ................................................... 5, 6

State Constitution

Mass. Const. Amend. Art. 2, § 6 ................................................................. 2


Statutes

15 U.S.C. § 717r ...................................................................... 1, 6, 7, 8

M.G.L. c. 40, § 2 ........................................................................... 2

M.G.L. c. 43B, § 1 ......................................................................... 2


Massachusetts Acts and Resolves

St. 1885, c. 266, § 6 ....................................................................... 3

St. 1951, c. 376, § 1 ....................................................................... 3


Municipal Ordinances

City of Boston Municipal Code 5-8.1 ......................................................... 4

City of Boston Municipal Code 11-1.7 ........................................................ 4

837794.1

## PRELIMINARY STATEMENT

This brief is filed in accordance with the Court's Order of October 10, 2017 to address the following question: "whether the petitioners in case no. 16-1081 have authority to litigate *ut parens patriae* under Massachusetts law and, if not, whether they have standing on another basis."

## STATEMENT OF ISSUES

1. Whether any of the petitioners comprising the City of Boston Delegation have authority to litigate as *parens patriae* under Massachusetts law?

2. Whether the City of Boston has standing pursuant to 15 U.S.C. §§ 717r(a) and 717r(b) in light of this Court's holding in *Maryland People's Counsel*?

## SUMMARY OF ARGUMENT

Under Massachusetts law, the Mayor of Boston has authority to litigate every case brought on behalf of the City of Boston, and may institute any suit on the City's behalf which he determines is in its interests. The interests of the City include safeguarding the health, safety and welfare of its citizens. Under Massachusetts law, Boston has the authority to litigate *ut parens patriae*.

Boston has Article III standing because it meets the criteria for review established by 15 U.S.C. §§ 717r(a) and 717r(b), which this Court held was intended to confer standing on municipalities litigating as *parens patriae* for the welfare of their citizens.

## ARGUMENT

I.  **The Mayor of Boston has authority to litigate on behalf of the City of Boston *ut parens patriae* under Massachusetts law.**

A.  **Under Massachusetts law, municipalities have the power to sue and to enact ordinances to facilitate their exercise of their powers.**

By statute, Massachusetts municipalities have long held the power to sue and be sued. M.G.L. c. 40, § 2; *Nat'l Shawmut Bank of Boston v. City of Waterville,* 285 Mass. 252, 255, 189 N.E. 92, 94-95 (1934). And in 1966, Article 89 of the Amendments to the Massachusetts Constitution, generally referred to as the "Home Rule Amendment," was approved and ratified. As a result of the Home Rule Amendment, since 1966, the Constitution has provided that "Any city or town may, by the adoption, amendment, or repeal of local ordinances or bylaws, exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court…." Mass. Const. amend. art. 2, § 6.

Also in 1966, the Massachusetts legislature passed the Home Rule Procedures Act, M.G.L. c. 43B, §§ 1 *et seq.* Section 13 of that act similarly provides that "[a]ny city or town may, by the adoption, amendment, or repeal of local ordinances or bylaws, exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court…." M.G.L. c. 43B, § 13.

2

**B.      The Mayor is endowed with the City of Boston's municipal authority to initiate legal proceedings on behalf of the City in furtherance of the interests of the City.**

The authority to initiate a lawsuit on behalf of the City of Boston rests with its Mayor, the Honorable Martin J. Walsh.  "Under the city charter all executive powers of the city are 'vested in the mayor, to be exercised through the several officers and boards of the city in their respective departments, under his general supervision and control.'"  *City Council of Boston v. City of Boston*, 386 Mass. 171, 178, 434 N.E.2d 1250, 1253 (1982), *citing* St.1885, c. 266, § 6.  "The various department heads are accountable to the mayor, 'as the chief executive officer,' for the performance of their duties, and the mayor is charged with 'secur(ing) the honest, efficient and economical conduct of the entire executive and administrative business of the city, and the harmonious and concerted action of the different departments.'"  *Id.* at 178-179, *citing* St.1885, c. 266, § 6.[1]

---

[1] "[T]he scheme or framework of government is to be ascertained from all the provisions of the charter."  *City Council of Boston v. Mayor of Boston*, 383 Mass. 716, 719, 421 N.E.2d 1202, 1204 (1981), *quoting Fiske v. Worcester*, 219 Mass. 428, 429, 106 N.E. 1025 (1914). "Boston's form of city government, adopted by the voters of the city … is a … 'strong mayor' type of government." *City Council of Boston*, 383 Mass. at 719, 421 N.E.2d at 1204, *citing* St. 1951, c. 376, § 1 (further citations omitted). "As the city grew, there was an increasing demand for efficiency in government and for a strong mayor. As a result, in 1885 the city charter was substantially revised. All executive powers were transferred to the mayor, and the city council was expressly forbidden from conducting any of the executive business of the city. The charter was amended a number of times after 1885, each time strengthening the executive

3

With respect to initiating litigation on behalf of the City, the Mayor is the final authority. "Since 1881, the Law Department, under the charge of Corporation Counsel, has been the exclusive legal counsel for all City departments and officials[.]" *Boston City Council v. Menino*, No. CIV.A.0-1267, 2000 WL 744356, at *4 (Mass. Super. Ct. May 9, 2000), *citing* City of Boston Municipal Code, Ordinance, Chapter V, § 5-8.1 ("CBC Ord. § 5-8.1"). By ordinance, "the Corporation Counsel … shall, subject to the direction of the Mayor, institute any suit or proceeding in behalf of the City which he shall deem the interest of the City requires…." *Id.* Thus, the Mayor's "direction" is required to initiate any litigation on the City of Boston's behalf, and the ordinance permits lawsuits that the Mayor determines are required by the interests of the City. *See id.*

Not surprisingly, the health, safety and well-being of the City's citizens are within the interests of the City and the Mayor's executive authority. City ordinances recognize "the City's general public duty to protect its citizens' health, safety, security, and well-being." CBC Ord. § 11-1.7 (recognizing this duty, but limiting the City's liability beyond its scope under crime prevention ordinance).

---

power of the mayor." *Id.* 383 Mass. at 719-720, 421 N.E.2d at 1204-05 (citations omitted).

The Mayor had the authority to direct the filing of Boston's motion to intervene, its request for hearing by the Commission, and its petition for review by this Court.[2]

## C.    Under Massachusetts law, municipalities have authority to litigate *ut parens patriae*.

Massachusetts jurisprudence recognizes that "cities and towns are the only entities which can be expected to offer a real, practical, and adversary representation of the public interest." *Town of Sudbury v. Dept. of Pub. Util.*, 351 Mass. 214, 218, 218 N.E.2d 415, 420 (1966); *citing Town of Wilmington v. Dept. of Pub. Util.*, 340 Mass. 432, 438-39, 165 N.E. 2d 99, 103 (1960); *accord RicMer Prop., Inc. v. Board of Health of Revere*, 59 Mass. App. Ct. 173, 178, 794 N.E.2d 1236, 1240 (2003) (in "matters of public concern, municipalities may be in a significantly superior position to individual citizens in representing the public interest").

Accordingly, Massachusetts municipalities have standing to litigate issues of public concern *ut parens patriae. RicMer Prop.*, 59 Mass. App. Ct. at 174-79, 794 N.E.2d at 1237-40 (mayor and city had standing to represent the public interest in an administrative proceeding and subsequent appeal to the Massachusetts Superior Court concerning location of waste disposal site); *Town of Sudbury*, 351 Mass. at

---

2  Legislators representing citizens of West Roxbury joined with the Mayor and the City of Boston to form the City of Boston Delegation. As demonstrated herein, the Mayor has standing before this Court. Accordingly, we do not address here whether the legislative members of the delegation would independently have such standing.

217-19, 218 N.E.2d at 419-20 (towns were aggrieved parties with standing to represent public interest in a Department of Public Utilities proceeding and subsequent appeal to the Massachusetts Superior Court); *Town of Wilmington,* 340 Mass. at 437-39, 165 N.E.2d at 102-03 (same); *Shaker Community, Inc. v. State Racing Comm'n*, 346 Mass. 213, 216-17, 190 N.E.2d 897, 899-900 (1963) (in *dicta*, the Massachusetts Supreme Judicial Court observed that "there might be situations where a town might intervene as a party to protect the interests of its inhabitants and would have standing to seek a review" of decisions of the State Racing Commission).

In this matter, the safety of the citizens of Boston is at issue and Massachusetts law would recognize the standing of the City of Boston to litigate *ut parens patriae* in the public interest of its citizens.

**II.    In addition to authority to litigate *ut parens patriae* under Massachusetts law, Boston has standing on another basis: 15 U.S.C. §§ 717r(a) and 717r(b) and this Court's holding in *Maryland People's Counsel.***

As was decided by this Court in *Maryland People's Counsel v. FERC*, 760 F.2d 318 (D.C. Cir. 1985), 15 U.S.C. §§ 717r(a) and 717r(b) confer standing upon "any…municipality…aggrieved by an order issued by the Commission" in a "proceeding" under the NGA. *Maryland People's Counsel*, 760 F.2d at 320-21 (citing and quoting 15 U.S.C. §§ 717r(a) and 717r(b)). Boston enjoys that statutory

6

conferral of standing under the Act, if it was aggrieved by the Commission's Order. *Id.* at 320-21.

Clearly, it was so aggrieved. The *Maryland People's Counsel* decision goes on to confirm that the judicial review provision of 15 U.S.C. § 717r(b) "includes aggrievement by reason of impairment of the *parens patriae* interest" of a state or municipality and that its *parens patriae* capacity qualifies as actual or threatened injury for purposes of Article III standing. *Id.* at 321. Thus, Boston, as a municipality representing the interests of its citizens, with statutory standing as a party under 15 U.S.C. §§ 717r(a) and 717r(b), likewise has Article III standing. *Id.* at 321; *see also City of Olmsted Falls v. FAA*, 292 F.3d 261, 268 (D.C. Cir. 2002) (the right of municipalities "under the doctrine of *parens patriae*" is derivative of that of the states, "[a]s municipalities derive their existence from the state and function as political subdivisions of the state[.]").

The Commission granted Boston's motion to intervene and admitted it as a participant in the AIM Project proceeding. Motion, R.1765, JA.737; 18 CFR 385.214(c)(2); Order, P.152(J), R.1847, JA.1304. Notably, the Commission has never questioned Boston's standing to participate in the proceeding.

On April 2, 2015, pursuant to 15 U.S.C. § 717r(a), Boston filed a timely request for rehearing of the Commission's Order. Rehearing Order, R.2181 P. 2,

JA.1782.  The Commission denied rehearing on January 28, 2016.  Rehearing

Order, P. 271(A), R.2181, JA.1872.

On February 29, 2016, pursuant to 15 U.S.C. § 717r(b), Boston filed its

petition for review of the Commission's orders.  Docket No.16-1081, Document

#1602270.  The Commission had never challenged Boston's standing to request

rehearing or to seek judicial review in this Court.

The holding of *Maryland People's Counsel* instructs that Boston has

statutory standing to be before this Court and to seek judicial review of the

Commission's arbitrary and capricious findings that expose Boston's citizens to a

wholly avoidable safety risk.

## CONCLUSION

Boston respectfully requests that the Court recognize its standing to bring its

petition for judicial review under 15 U.S.C. § 717r(b) and to proceed to the merits

of its substantive arguments.

Respectfully submitted,

/s/ Thomas S. Fitzpatrick
Thomas S. Fitzpatrick
Joshua S. Grossman
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
tfitzpatrick@davismalm.com
jgrossman@davismalm.com

8

## CERTIFICATE OF COMPLIANCE

I certify that Petitioners' Supplemental Brief is in compliance with Fed. R. App. P. 28(a)(11); and Fed. R. App. P. 32(a)(7)(C).  The brief was prepared using 14-point Times New Roman, a serif font.   The brief contains 1,874 words as calculated by my word processing system.

/s/ Joshua S. Grossman
Thomas S. Fitzpatrick
Joshua S. Grossman
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
tfitzpatrick@davismalm.com
jgrossman@davismalm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2017, I electronically filed the foregoing Supplemental Brief for Petitioner City of Boston Delegation with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, filed nine (9) copies with the Clerk of the Court, and served copies of the foregoing via Court's CM/ECF system on all ECF-registered counsel.

/s/ Joshua S. Grossman
Thomas S. Fitzpatrick
Joshua S. Grossman
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
tfitzpatrick@davismalm.com
jgrossman@davismalm.com

10

# ADDENDUM

# ADDENDUM

| **Statutes** | **Page** |
| --- | --- |
| Mass. Const. Amend. Art. 2, § 6 | 001 |
| M.G.L.A. 40, § 2 | 002 |
| M.G.L.A. 43B, § 13 | 003 |
| City of Boston Municipal Code 5-8.1 | 004 |
| City of Boston Municipal Code 11-1.7 | 005 |
| 15 U.S.C. § 717r | 007 |
| St. 1885, c. 266, § 6 | 010 |
| St. 1951, c. 376, § 1 | 012 |

Section 6. Governmental Powers of Cities and Towns, MA CONST Amend. Art. 2, § 6

> Massachusetts General Laws Annotated
>    Constitution or Form of Government for the Commonwealth of Massachusetts [Annotated]
>       Articles of Amendment
>          Art. II. Power of General Court to Erect and Constitute Municipal OR City Governments;
>          By-Laws; Establishment of Limited Town Meeting Form of Government in Certain Towns

M.G.L.A. Const. Amend. Art. 2, § 6

Section 6. Governmental Powers of Cities and Towns

Currentness

Any city or town may, by the adoption, amendment, or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to the general court by section eight, and which is not denied, either expressly or by clear implication, to the city or town by its charter. This section shall apply to every city and town, whether or not it has adopted a charter pursuant to section three.

Notes of Decisions (70)

M.G.L.A. Const. Amend. Art. 2, § 6, MA CONST Amend. Art. 2, § 6
Current through amendments approved August 1, 2017

End of Document                                              © 2017 Thomson Reuters. No claim to original U.S. Government Works.

§ 2. Towns; power to sue and be sued, MA ST 40 § 2

Massachusetts General Laws Annotated
   Part I. Administration of the Government (Ch. 1-182)
     Title VII. Cities, Towns and Districts (Ch. 39-49a)
       Chapter 40. Powers and Duties of Cities and Towns (Refs & Annos)

M.G.L.A. 40 § 2

§ 2. Towns; power to sue and be sued

Currentness

A town may in its corporate capacity sue and be sued by its name, and may appoint necessary agents therefor.

Notes of Decisions (180)

M.G.L.A. 40 § 2, MA ST 40 § 2
Current through Chapter 74 of the 2017 1st Annual Session

End of Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

§ 13. Exercise of powers and functions by municipalities, MA ST 43B § 13

> Massachusetts General Laws Annotated
>   Part I. Administration of the Government (Ch. 1-182)
>     Title VII. Cities, Towns and Districts (Ch. 39-49a)
>       Chapter 43B. Home Rule Procedures (Refs & Annos)

M.G.L.A. 43B § 13

§ 13. Exercise of powers and functions by municipalities

Currentness

Any city or town may, by the adoption, amendment or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to the general court by section 8 of Article LXXXIX of the Amendments to the Constitution and which is not denied, either expressly or by clear implication, to the city or town by its charter. Whenever appropriations, appointments, orders, regulations or other legislative or executive actions within the scope of any such ordinance or by-law are necessary in the exercise of any power or function authorized by such ordinance or by-law, any such actions which are to be taken by a city council or town meeting may be taken by ordinance, by-law, resolution, order or vote, and any such actions which are to be taken by executive officers may be taken in any appropriate manner, subject, however, as to both such categories, to all provisions of the ordinance or by-law in question, the city or town charter, and other applicable law. Any requirement that an ordinance or by-law be entitled as such, or that it contain the word "ordained," "enacted" or words of similar import shall not affect the validity of any action which is required to be taken by ordinance or by-law. Nothing in this section shall be construed to permit any city or town, by ordinance or by-law, to exercise any power or function which is inconsistent with any general law enacted by the general court before November eighth, nineteen hundred and sixty-six which applies alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two. No exercise of a power or function denied to the city or town, expressly or by clear implication, by special laws having the force of a charter under section nine of said Article, and no change in the composition, mode of election or appointment, or terms of office of the legislative body, the mayor or city manager or the board of selectmen or town manager, may be accomplished by by-law or ordinance. Such special laws may be made inapplicable, and such changes may be accomplished, only under procedures for the adoption, revision or amendment of a charter under this chapter.

**Credits**
Added by St.1966, Ex.Sess., c. 734, § 1.

Notes of Decisions (49)

M.G.L.A. 43B § 13, MA ST 43B § 13
Current through Chapter 74 of the 2017 1st Annual Session

                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

City of Boston Municipal Code

## 5-8.1  Corporation Counsel.

The Law Department shall be under the charge of the Corporation Counsel, who shall furnish opinions on the law of any subject or question that may be submitted to him by the Mayor or the City Council and on any subject or question relating to the discharge of their or his official duties that may be submitted to him by the School Committee, by any Committee of the City Council, or by four (4) members of the City Council, or by any Officer in charge of a Department of the City government provided, however, that in the event the interests of the Mayor and Council appear to the Council to be divergent or in conflict, the Council may have the benefit of the services of special counsel; shall, on application, advise any officer or employee of the City on any question of law connected with the discharge of his official duties; shall, subject to the direction of the Mayor, or of any Committee of the City Council having charge of matters before the general court of the Commonwealth, appear by himself or assistants as Counsel for the City before the general court or before any committee thereof, when the interest or welfare of the City is directly or indirectly affected; shall draft and approve the form of all written contracts; shall by himself or by the City conveyancers examine all titles to real property which the City is to acquire, and furnish without charge all deeds or other legal papers necessary for the transfer of property to or from the City which the City is required by law, or has been accustomed, to so furnish; and shall audit all bills incurred by the Department; shall, subject to the direction of the Mayor, institute any suit or proceeding in behalf of the City which he shall deem the interest of the City requires; shall by himself or by his assistants in the Law Department appear as Counsel in all suits, actions, or prosecutions which may involve the rights or interests of the City, and defend the officers of the City in suits against them for their official actions, or for the performance of their official duties, or when any estate, right, privilege, interest, ordinance, act, or direction of the City is brought in question; may take such steps, and incur such expenses, for the prosecution and defense of suits as he deems necessary; shall examine into the settlement of a claim when requested so to do by the Mayor or the head of any Department, and, if he deems such settlement advantageous to the City, shall approve the same; and may settle any suit against the City.

(Ord. June 18, 1827; Ord. April 2, 1866; Ord. March 25, 1882; Rev. Ord. 1961 c. 17 § 1; CBC 1975 Ord. T5 § 450; Ord. 1979 c. 14)
*Cross-reference:*
   *Statutes, Title 3 § § 1, 2; Statutes, Title 4 § § 1, 8; Ord. ss 5-5.25; Ord. ss 11-7.6*

City of Boston Municipal Code

## 11-1.7  Crime Prevention Surveys.

a. *Procedure.* The Police Commissioner shall designate such personnel as he finds appropriate to undertake crime prevention surveys for elderly/handicapped multi-family housing developments and student housing, as provided for in Sections 9-11 and 9-12 of the City of Boston Code, as amended. Such personnel shall be certified as crime prevention officers by the Criminal Justice Training Council or any future body providing similar certification. Surveys for elderly/handicapped developments shall be carried out on a phased basis parallel to that of the notices sent under subsection 9-11.2 by the Commissioner of the Inspectional Services Department; surveys for student housing shall be carried out upon receipt of a request from the landlord of student housing. Such surveys shall be completed within thirty (30) days of receipt of the landlord's request for a crime prevention survey.

Each crime prevention survey shall be on a form which is jointly developed by the Police Commissioner and the Commissioner of the Inspectional Services Department. Each completed survey shall include findings as to the security needs of the tenants/occupants of the housing and neighbors of such housing and recommendations as to how such needs shall be met through existing or new security measures, such as lighting, locks, safety officers, resident managers, security stations, security systems, or other equipment, personnel, or programs. Each survey shall also include a one-page summary, on official Police Department stationery, itemizing the elements recommended.

No fee shall be assessed to the landlord by the Police Commissioner for conducting the crime prevention survey, but such survey shall be carried out as public service to the residents of the City of Boston. Upon completion of each crime prevention survey, the Police Commissioner shall insure that a copy of the same is provided to the landlord and to the Commissioner of the Inspectional Services Department within thirty (30) days of receipt of the landlord's written request.

The Police Commissioner shall designate personnel to assist the Commissioner of the Inspectional Services Department in the assessment of the adequacy of security plans, as provided for in subsection 9-11.4 and 9-12.3 of the City of Boston Code, as amended.

b. *Non-liability of the City of Boston.* The provisions of this subsection shall not be construed to establish any duty on the part of the City of Boston greater than the City's general public duty to protect its citizens' health, safety, security, and well-being. No determination by the Commissioner of the Inspectional Services Department or the Boston Police Department as to the adequacy of a landlord's security measures shall be construed as a warranty or guarantee of such security, and the sole responsibility for insuring that security measures are adequate to protect occupants and neighbors from foreseeable harm or risk shall rest and remain with the owner of such property.

c. *Severability.* The provisions of this subsection are severable and if any provision, or portion thereof, should be held to be unconstitutional or otherwise invalid by any court of competent jurisdiction, such unconstitutionality or invalidity shall not affect the remaining provisions which shall remain in full force and effect.

(Ord. 1989 c. 4 §§ 2-4; Ord. 1992 c. 1 § 2-4; Ord. 2010 c. 12)

§ 717r. Rehearing and review, 15 USCA § 717r

United States Code Annotated
Title 15. Commerce and Trade
Chapter 15B. Natural Gas (Refs & Annos)

15 U.S.C.A. § 717r

§ 717r. Rehearing and review

Effective: August 8, 2005
Currentness

(a) Application for rehearing; time

Any person, State, municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person, State, municipality, or State commission is a party may apply for a rehearing within thirty days after the issuance of such order. The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing. Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied. No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon. Until the record in a proceeding shall have been filed in a court of appeals, as provided in subsection (b) of this section, the Commission may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter.

(b) Review of Commission order

Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be transmitted by the clerk of the court to any member of the Commission and thereupon the Commission shall file with the court the record upon which the order complained of was entered, as provided in section 2112 of Title 28. Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings, which is supported by substantial evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of the original order. The judgment and decree of the court, affirming, modifying, or setting

§ 717r. Rehearing and review, 15 USCA § 717r

aside in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of Title 28.

**(c) Stay of Commission order**

The filing of an application for rehearing under subsection (a) of this section shall not, unless specifically ordered by the Commission, operate as a stay of the Commission's order. The commencement of proceedings under subsection (b) of this section shall not, unless specifically ordered by the court, operate as a stay of the Commission's order.

**(d) Judicial review**

**(1) In general**

The United States Court of Appeals for the circuit in which a facility subject to section 717b of this title or section 717f of this title is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over any civil action for the review of an order or action of a Federal agency (other than the Commission) or State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as "permit") required under Federal law, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 et seq.).

**(2) Agency delay**

The United States Court of Appeals for the District of Columbia shall have original and exclusive jurisdiction over any civil action for the review of an alleged failure to act by a Federal agency (other than the Commission) or State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit required under Federal law, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 et seq.), for a facility subject to section 717b of this title or section 717f of this title. The failure of an agency to take action on a permit required under Federal law, other than the Coastal Zone Management Act of 1972, in accordance with the Commission schedule established pursuant to section 717n(c) of this title shall be considered inconsistent with Federal law for the purposes of paragraph (3).

**(3) Court action**

If the Court finds that such order or action is inconsistent with the Federal law governing such permit and would prevent the construction, expansion, or operation of the facility subject to section 717b of this title or section 717f of this title, the Court shall remand the proceeding to the agency to take appropriate action consistent with the order of the Court. If the Court remands the order or action to the Federal or State agency, the Court shall set a reasonable schedule and deadline for the agency to act on remand.

**(4) Commission action**

For any action described in this subsection, the Commission shall file with the Court the consolidated record of such order or action to which the appeal hereunder relates.

ADD 008

§ 717r. Rehearing and review, 15 USCA § 717r

(5) Expedited review

The Court shall set any action brought under this subsection for expedited consideration.

**CREDIT(S)**

(June 21, 1938, c. 556, § 19, 52 Stat. 831; June 25, 1948, c. 646, § 32(a), 62 Stat. 991; May 24, 1949, c. 139, § 127, 63 Stat. 107; Aug. 28, 1958, Pub.L. 85-791, § 19, 72 Stat. 947; Aug. 8, 2005, Pub.L. 109-58, Title III, § 313(b), 119 Stat. 689.)

Notes of Decisions (761)

15 U.S.C.A. § 717r, 15 USCA § 717r
Current through P.L. 114-181. Also includes P.L. 114-183 to 114-186, 114-188, 114-189, and 114-191 to 114-194.

# ACTS

### AND

# RESOLVES

##### PASSED BY THE

# General Court of Massachusetts,

##### IN THE YEAR

# 1885,

##### TOGETHER WITH

THE CONSTITUTION, THE MESSAGES OF THE GOVERNOR,
LIST OF THE CIVIL GOVERNMENT, CHANGES
OF NAMES OF PERSONS,
ETC., ETC.

---

##### PUBLISHED BY THE
SECRETARY OF THE COMMONWEALTH.

---



BOSTON:
WRIGHT & POTTER PRINTING CO., STATE PRINTERS,
No. 18 Post Office Square.
1885.

RARY
TTS

ER 266.

r twenty-six of the Pub-
an autopsy by examiners
uty. Medical examiners
shall make such view and
r and payment or tender

te effect upon its passage.
*Approved May 26, 1885.*

OF THE CITY OF BOSTON.

e city of Boston shall ap-
y the board of aldermen,
ed by the city council or
l by him subject to con-
ly hereafter be established
dermen, for such terms of
y be fixed by law or ordi-
f said officers or members
he shall deem sufficient
r removal. No appoint-
acted upon by the board
n of one week after such
id board.

ction shall not apply to
nittees of the city council,
ants as may be employed
nch thereof, or any sub-
partments. The assistant
inted by the assessors of
y the mayor, and may be
h cause as they shall deem
ir order for removal, and
y the city council by con-

the city council of said
which he is elected, be
included under the pro-
g sections.

cluded under the provi-
two shall, unless sooner
xpiration of his term of
his successor is appointed

SECTION 5. All officers and boards included under the provisions of section one shall appoint their respective subordinates for such terms of service respectively as are or may be fixed by law or ordinance. The said officers and boards may remove such subordinates for such cause as they may deem sufficient and shall assign in their order for removal.

SECTION 6. The executive powers of said city, and all the executive powers now vested in the board of aldermen, as such, as surveyors of highways, county commissioners or otherwise, shall be and hereby are vested in the mayor, to be exercised through the several officers and boards of the city in their respective departments, under his general supervision and control. Such officers and boards shall, in their respective departments, make all necessary contracts for the employment of labor, the supply of materials, and the construction, alteration and repair of all public works and buildings, and have the entire care, custody and management of all public works, institutions, buildings and other property, and the direction and control of all the executive and administrative business of said city. They shall be at all times accountable for the proper discharge of their duties to the mayor, as the chief executive officer, whose duty it shall be to secure the honest, efficient and economical conduct of the entire executive and administrative business of the city; and the harmonious and concerted action of the different departments. Every contract made as aforesaid in which the amount involved exceeds two thousand dollars shall require the approval of the mayor before going into effect; and no expenditure shall be made nor liability incurred for any purpose beyond the appropriation duly made therefor.

SECTION 7. The mayor shall, once a month or oftener, call together the heads of departments for consultation and advice upon the affairs of the city; and at such meetings and at all times they shall furnish such information as to matters under their control as the mayor may request.

SECTION 8. The heads of departments, and all other officers and boards having authority to expend money, shall annually furnish an estimate to the mayor of the money required for their respective departments and offices during the next financial year. The mayor shall examine

*Marginal notes:*
Subordinates to be appointed for terms as fixed by law or ordinance.

Removals for cause.

Executive power to be vested in mayor.

Contracts, in amount exceeding two thousand dollars, to be approved by the mayor.

Mayor to call together once a month, heads of departments, for consultation.

Annual estimates to be furnished.

# ACTS

### AND

# RESOLVES

#### PASSED BY THE

# General Court of Massachusetts

##### IN THE YEAR

# 1951

###### TOGETHER WITH

TABLES SHOWING CHANGES IN THE STATUTES, ETC.

---

###### PUBLISHED BY

## EDWARD J. CRONIN
### Secretary of the Commonwealth





BOSTON
WRIGHT & POTTER PRINTING COMPANY
1951

USCA Case #16-1081      Document #1699495      Filed: 10/17/2017      Page 29 of 29

ized by the chief of police. The compensation payable to
any police officer shall not be reduced by reason of this act.
SECTION 2. This act shall take effect upon its passage.

*Approved June 12, 1951.*

---

*Chap.376* AN ACT AMENDING AND CLARIFYING CERTAIN SECTIONS OF
THE ACT PROVIDING THREE OPTIONAL PLANS OF CITY
GOVERNMENT IN THE CITY OF BOSTON.

*Be it enacted, etc., as follows:*

SECTION 1.    Chapter 452 of the acts of 1948 is hereby
amended by striking out sections 10 to 20, inclusive, and
inserting in place thereof the following sections: — *Sec-
tion 10.*  The form of government provided in sections eleven
to twenty, inclusive, and the method of nominating and
electing officials thereunder provided in sections fifty-three
to sixty-five, inclusive, shall constitute and be known as
Plan A under this act.  When Plan A is adopted, said sec-
tions eleven to twenty, inclusive, and fifty-three to sixty-
five, inclusive, shall become and be operative, subject to the
provisions of section four.

*Section 11.*  There shall be in the city a mayor who shall
be the chief executive officer of the city, a city council of
nine members which shall be the legislative body of the city,
and a school committee of five members which shall have the
powers and duties conferred and imposed by law.

*Section 11A.*  Every person elected mayor and every per-
son elected or chosen city councillor or school committee-
man shall, before entering upon the duties of his office, take,
and subscribe in a book to be kept by the city clerk for the
purpose, the oath of allegiance and oath of office prescribed
in the constitution of this commonwealth and an oath to sup-
port the constitution of the United States.  Such oaths shall
be administered, to a person elected mayor, by a justice of
the supreme judicial court, a judge of a court of record com-
missioned to hold such court within the city or a justice of
the peace, and to a person elected or chosen city councillor
or school committeeman, by the mayor or any of the persons
authorized to administer said oaths to a person elected mayor.

*Section 11B.*  Whenever the mayor is absent from the
city or unable from any cause to perform his duties, and
whenever there is a vacancy in the office of mayor from any
cause, the president of the city council, while such absence,
inability or vacancy continues, shall perform the duties of
mayor.  If there is no president of the city council or if he also
is absent from the city or unable from any cause to perform
such duties, they shall be performed, until there is a mayor
or president of the city council or the mayor or president of
the city council returns or is able to attend to said duties, by
such member of the city council as that body by a vote which,
for the purposes of section seventeen D, shall be deemed to
be a vote electing an official, may elect, and until such elec-

tion by the city clerk.  T
shall devolve shall be ca
possess the powers of ma
of delay, but shall have
pointments.

*Section 12.*  At the nex
ing the adoption of Plan A
ipal election after a regu
mayor is elected, a mayo
office for the four munici
year in which he is electe
is elected and qualified.

*Section 13.*  If a vaca
within sixteen weeks pric
other than a regular mun
elected, or within sixteen
election, or if there is a fa
elected mayor resigns or
council shall forthwith ad
ipal election for the purp
the unexpired term, while
Tuesday, not less than o
more than one hundred an
such order, as the city co
vacancy occurs in the off
mayor shall be elected at
election to hold office for a
forenoon on the first Mon
his election.  A person ele
going provisions shall tak
by section eleven A as soo
issuance to him of his ce
shall hold office from the t
oaths until the expiration
successor is elected and
section shall not apply if
mayor in the period begin
ipal election at which a n
the time he takes office.

*Section 13A.*  The may
of twenty thousand dolla
time to time be fixed by
receive for his services a
ment whatever; nor shall
ment under the city gover

*Section 14.*  At the nex
ing the adoption of Plan
election thereafter, there
councillors, each to hold
following the municipal ye

*Section 15.*  If at any
council from any cause, th
the city council thereof;

ADD 013